UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 24-cv-01349-CAS | Date | March 19, 2024 |
|---|---|---|---|
| Title | FC Broadway and Hill, LLC v. Choon Kang et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**     ORDER TO SHOW CAUSE

## I.     INTRODUCTION & BACKGROUND

On May 15, 2023, plaintiff FC Broadway and Hill, LLC filed this unlawful detainer action against defendants Choon Kang, Sang Kang, and David Kang in Los Angeles County Superior Court (collectively, "defendants"). Dkt. 1.

On February 20, 2024, defendant David Kang removed the case to this Court, asserting that this Court has jurisdiction because this action raises a federal question. Dkt. 1 (citing 28 U.S.C. §§ 1331, 1441). Specifically, he contends that this case "arises under U.S.C. § 362, 15 U.S.C. § 1667" because "John Lee filed bankruptcy in the United State[s] [District] Court [for the] Central District [of California]." Id. at 3. It is unclear who John Lee is.

## II.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, see Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. Scholastic Ent., Inc. v. Fox Ent. Grp., Inc., 336 F.3d 982, 985 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 24-cv-01349-CAS | Date | March 19, 2024 |
|---|---|---|---|
| Title | FC Broadway and Hill, LLC v. Choon Kang et al. | | |

Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. <u>See Scott v. Breeland</u>, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal jurisdiction exists. <u>See Gaus v. Miles, Inc.</u>, 980 F.2d 564, 567 (9th Cir. 1992).

### III.   ANALYSIS

The Court finds that there is no federal question apparent from the Notice of Removal or attached exhibits; the underlying Complaint appears to allege only a simple unlawful detainer cause of action. <u>See Wescom Credit Union v. Dudley</u>, No. CV 10-8203-GAF (SSx), 2010 WL 4916578, at *2 (C. D. Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); <u>IndyMac Federal Bank, F.S.B. v. Ocampo</u>, No. EDCV 09-2337-PA (DTBx), 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim).

Defendant appears to argue that a federal question exists based on the automatic stay provision of the bankruptcy code, 11 U.S.C. § 362. Dkt. 1 at 3. To the extent Defendant argues there is federal question jurisdiction based on any counterclaims or affirmative defenses, it is well settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 393 (1987). Furthermore, a case may not be removed based on a federal defense or counterclaim. <u>See id.</u> at 393; <u>Vaden v. Discover Bank</u>, 556 U.S. 49, 59, 129 S. Ct. 1262, 173 L. Ed. 2d 206 (2009) (finding federal jurisdiction cannot rest upon an actual or anticipated counterclaim). Thus, to the extent Defendant's defenses to the unlawful detainer action or any counter claims are based on alleged violations of federal law, those defenses do not provide a basis for federal question jurisdiction. <u>See id.</u> Defendant therefore fails to meet his burden to show that federal question jurisdiction exists.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 24-cv-01349-CAS | Date | March 19, 2024 |
|---|---|---|---|
| Title | FC Broadway and Hill, LLC v. Choon Kang et al. | | |

     Accordingly, defendants are hereby ORDERED to SHOW CAUSE within twenty (20) days why the instant action should not be remanded for lack of subject matter jurisdiction.

     IT IS SO ORDERED.

                                                          :

Initials of Preparer

                                     YS for CJ